PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL ENRIQUE FLORES, | ) | CASE NO. 4:13 CV 1445 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RODRIGUEZ, Chief Security, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

On July 1, 2013, Plaintiff *pro se* Angel Enrique Flores, a federal inmate at the Northeast Ohio Correctional Center (NEOCC),  filed the above captioned *in forma pauperis* civil rights action against NEOCC Chief of Security "Rodriguez."  The Complaint is very brief and contains few allegations.  Plaintiff appears to allege Defendant labeled him a confidential informant and, thereby, placed Plaintiff's life in danger.  Plaintiff asserts "violation of equal protection of the law, fraud on the contract, ... no meeting of the minds, dishonor blatant of tendered instrument ... and (deliberate indifference to a prisoner's constitutional rights)." (ECF No. 1)  An attachment to the Complaint shows Plaintiff filed an informal resolution form after he was moved from a two-man to a three-man cell because prison officials determined he had not provided promised information. (ECF NO. # 1-5, p.7.). No particular relief is sought.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

## II. LEGAL STANDARD

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or

fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### III. LAW AND ANALYSIS

Principles requiring generous construction of *pro se* pleadings are not without limits.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudett*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.  A plaintiff's failure to

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without  service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson,* 784 F.2d 222, 224 (6th Cir. 1986).

identify a legal theory with any particularity also places an unfair burden on a defendant to speculate on the potential claims being raised and the defenses that might asserted in response. *Wells v. Brown*, 891 F.2d at 594.

The notion that any prison official would label an inmate a "Confidential Informant" or "CI"–whether true or not--is concerning.[2]  Despite that general allegation, however, even when liberally construed, the Complaint fails to state a viable claim. *See Lillard v. Shelby County Bd. of Educ., 76 F.3d 716 (6th Cir. 1996)*(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  This action is, therefore, dismissed under section 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

.

IT IS SO ORDERED.


 November 22, 2013                              */s/ Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                               United States District Judge

---

[2]
Of course, due to the early dismissal of this case, Defendant Rodriguez is not permitted nor required to respond to the Complaint so the Court draws no conclusions beyond those stated herein.